NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 18 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10197 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-00482-CKJ-BGM-1 |
| v. | |
| DANIEL COURVILLE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted May 14, 2020**
San Francisco, California

Before: WALLACE and R. NELSON, Circuit Judges, and BLOCK,*** District Judge.

Appellant-Defendant Daniel Courville was indicted on one count of knowingly accessing child pornography. A two-day bench trial was held, during

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

which the presiding district court judge reviewed twelve images of child pornography submitted as stipulated exhibits. At the close of trial, the district court found Courville guilty. A presentence report was prepared and recommended the application of an enhancement under United States Sentencing Guideline Section 2G2.2(b)(4)(A), because one of the images "portray[ed] . . . sadistic or masochistic conduct." Courville did not object and the district court applied the enhancement. Courville timely appeals the application of the 2G2.2(b)(4)(A) enhancement. We have jurisdiction and affirm.

Where a criminal defendant fails to object to a sentencing enhancement, plain error review applies. *United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc). Under plain-error review, reversal is permitted only when there is (1) error that is (2) "clear" or "obvious", (3) affects substantial rights, and (4) "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993). The "burden of establishing entitlement to relief for plain error is on the defendant claiming it." *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004).

Courville argues that the district court plainly erred by failing to review the relevant trial exhibit image at the sentencing stage. However, during the bench trial, the district court reviewed the exhibits, which were admitted by stipulation. Although Courville's sentencing followed his trial by over ten months, Courville

2

has failed to establish that the district court's reliance on its memory constituted "clear" or "obvious" error under current law. *See Olano*, 507 U.S. at 734. Moreover, the district court adopted the presentence report, which states that "the defendant possessed and distributed images that depicted bondage involving prepubescent minors." Because Courville did not raise an objection to this component of the presentence report at sentencing, the district court was entitled to rely on it. *See United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) ("Of course, the district court may rely on undisputed statements in the PSR at sentencing"). Because Courville has not met his burden of establishing that the district court plainly erred, we affirm.

**AFFIRMED.**